896 F.Supp. 1022 (1995)
Anne R. PRICE, Plaintiff,
v.
TACO BELL CORPORATION, a foreign corporation, et al., Defendants.
Civ. No. 95-2-JO.
United States District Court, D. Oregon.
March 31, 1995.
*1023 Jana Toran, Portland, OR, for plaintiff.
Corbett Gordon, Gordon McKeon & Rives, Portland, OR, for defendants.

AMENDED OPINION AND ORDER
ROBERT E. JONES, District Judge:
This is an employment discrimination action by plaintiff Anne Price against her former employer, defendant Taco Bell Corporation, and Julia Stewart, a Taco Bell vice president. Plaintiff asserts four claims against Taco Bell: (1) race discrimination under Title VII, 42 U.S.C. § 2000(e) (first claim); (2) race discrimination under 42 U.S.C. § 1981 (second claim); age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq; and race and age discrimination under O.R.S. 659.030 (fourth claim). Plaintiff's fifth claim is against defendant Stewart individually for aiding and abetting discrimination in violation of O.R.S. 659.030(1)(g).
The case is before me on defendants' motion to dismiss plaintiff's first, third, and fifth claims (# 4). After considering the arguments of the parties, defendants' motion is GRANTED. Plaintiff's request for leave to amend her complaint is GRANTED.

SUMMARY OF ALLEGATIONS
Plaintiff is a 41 year old black woman who began employment with Taco Bell in June 1991. In November 1993, plaintiff applied for one of three available store manager positions. Plaintiff alleges that although she was fully qualified for the position of store manager by training and experience, she was denied the position. Two of the available positions were filled by white males in their twenties; the third remained unfilled.
Plaintiff states that in February 1994, she expressed interest in two additional available management positions. Those positions were also filled by white males. Plaintiff alleges that she was then advised that if she desired an upper level management position, she should seek employment elsewhere.
With respect to defendant Stewart, plaintiff alleges that "Stewart aided, abetted, coerced, and/or incited the acts complained of herein, or attempted to do so." Complaint ¶ 22.

STANDARDS
A Rule 12(b)(6) motion to dismiss for failure to state a claim should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Pinhas v. Summit Health, Ltd., 894 F.2d 1024, 1028 (9th Cir.1989) (citation omitted), aff'd 500 U.S. 322, 111 S.Ct. 1842, 114 L.Ed.2d 366 (1991). The court must treat all facts alleged in the complaint as true. Western Concrete Struct. v. Mitsui & Co. Etc., 760 F.2d 1013, 1015 (9th Cir.1985). All doubts are resolved in favor of the plaintiff. Pref. Communications v. City of Los Angeles, Cal., 754 F.2d 1396, 1399 (9th Cir. 1985), aff'd 476 U.S. 488, 106 S.Ct. 2034, 90 L.Ed.2d 480 (1986).

DISCUSSION

I. Motion to Dismiss First and Third Claims.

Defendants assert that plaintiff failed to allege the jurisdictional prerequisites for her *1024 claims under Title VII and the ADEA. Plaintiff concedes the motion and requests leave to amend the complaint to add the necessary allegations. Defendants' motion to dismiss plaintiff's first and third claims is, therefore, granted. Plaintiff is granted leave to amend.

II. Motion to Dismiss Fifth Claim.

Defendants contend that plaintiff's claim against Stewart under O.R.S. 659.030(1)(g) for aiding and abetting must be dismissed, because plaintiff alleges that Stewart was an active participant in Taco Bell's hiring decisions. Defendants rely on Judge Marsh's opinion in Sniadoski v. Unimart of Portland, Inc., No. CV 93-1051 (D.Or. October 29, 1993), in support of their argument.
Plaintiff responds that O.R.S. 659.030(1)(g) expressly contemplates aiding and abetting liability against co-employees, as this court has recognized in the past. See, e.g., Furnish v. Merlo, No. CV 93-1052-AS, Findings and Recommendation (March 21, 1993), adopted (Jones, J., April 18, 1994); Dallal v. Burger King Corp., No. CV 94-909-AS, Findings and Recommendation (October 4, 1994), adopted (Redden, J., November 21, 1994).
O.R.S. 659.030(1)(g) specifies that it is an unlawful employment practice:
For any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under ORS 659.010 to 659.110 ... or to attempt to do so.
Defendants assert that this court is divided on whether claims against co-employees may be asserted under that statute. I disagree. In Sniadoski, the court dismissed plaintiff's aiding and abetting claim against her co-employee because plaintiff alleged that the co-employee was an actor, not an aider, in the alleged unlawful employment practice. Judge Marsh commented that "aiding and abetting liability makes little sense against an employee alleged to be an active participant in the asserted harm." Slip.Op. at 4.
In Furnish, this court further analyzed O.R.S. 659.030(1)(g) and concluded that the Oregon Legislature intended to include co-employees in the group of persons who may be liable as aiders and abettors. Slip.Op. at 6-7; see also Dallal Slip.Op. at 4. Both Furnish and Dallal are distinguishable from Sniadoski because the plaintiffs in those cases properly alleged that the co-employees aided and abetted the alleged harm, not that they actively participated in it. Thus, this court has plainly decided that a plaintiff may assert a claim against a co-employee for aiding and abetting under O.R.S. 659.030(1)(g).
Defendants argue that plaintiff's allegation that Stewart was "charged with making hiring decisions in the Portland area" must be construed as an allegation that Stewart was the actor, not an aider, in the asserted unlawful employment practices. Resolving all doubts in favor of plaintiff, Pref. Communications, 754 F.2d at 1399, I conclude that her allegations are sufficient to raise an issue of aider and abettor liability.
Nevertheless, as defendants correctly argue, plaintiff's claim against Stewart must be dismissed because as the claim is postured, she has no remedy available under the statutory scheme. O.R.S. 659.121(1) restricts the remedies available for violations of O.R.S. 659.030 to injunctive relief and "such other equitable relief as may be appropriate, including ... reinstatement or the hiring of employees with or without back pay." In Sniadoski, Judge Marsh correctly observed that the equitable remedies of reinstatement and back pay are available only against the employer.[1] Plaintiff does not dispute that the literal language of O.R.S. 659.121(1) limits the available remedies to equitable relief, but argues that under Oregon precedent, if equitable relief is impossible or impracticable, damages may be awarded.
As the defendants correctly point out, the cases on which plaintiff relies for that argument do not address the statutory remedies available under O.R.S. 659.121(1). The Oregon Legislature expressly chose to permit *1025 recovery of damages for some violations of O.R.S. Chapter 659, but not others. Compare O.R.S. 659.121(1) with 659.121(2). This court may not override that clear legislative choice by expanding the limited equitable remedies available under O.R.S. 659.121(1) to include damages.[2]
I conclude that because the remedies plaintiff seeks in her claim against defendant Stewart are available only against the employer, her claim against Stewart must be dismissed. Accordingly, defendants' motion to dismiss plaintiff's fifth claim is GRANTED.

CONCLUSION
Defendants' Rule 21 motion to dismiss plaintiff's first, third, and fifth claims (# 4) is GRANTED. Plaintiff is granted leave to amend her complaint to allege the jurisdictional prerequisites for her first and third claims.
NOTES
[1] Plaintiff has not sought injunctive or declaratory relief against Stewart. Compare Furnish, Slip Op. at 7 (under O.R.S. 659.121(1), "a plaintiff can seek to enjoin a co-worker from continued discriminatory treatment").
[2] Plaintiff suggested during oral argument that the limited remedies available against co-employees for violations of O.R.S. 659.030(1)(g) may run afoul of the Oregon Constitution, Article I, section 10 ("every man shall have a remedy by due course of law for injury done him ..."). Plaintiff does, however, have remedies available to her for the alleged "injury done," albeit not against her co-employee, including equitable relief against her employer under O.R.S. 659.121(1), and compensatory damages and other relief against her employer under Title VII. I also note that before the effective date of the Civil Rights Act of 1991 (November 21, 1991), Title VII, like O.R.S. 659.030, did not provide for compensatory or punitive damages. See Landgraf v. USI Film Products, ___ U.S. ____, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).