896 F.Supp. 1037 (1995)
Michael HARDWICK, Plaintiff,
v.
CURTIS TRAILERS INC., an Oregon corporation, et al., Defendants.
Civ. No. 95-952-JO.
United States District Court, D. Oregon.
September 1, 1995.
*1038 Richard C. Busse, Law Offices of R.C. Busse, Portland, OR, for plaintiff.
Clay D. Creps, Bullivant Houser Bailey Pendergrass & Hoffman, Portland, OR, for defendants.

OPINION AND ORDER
ROBERT E. JONES, District Judge:
Plaintiff Michael Hardwick brings this action against his former employer, defendant Curtis Trailers, Inc. ("Trailers"), and Myron Curtis ("Curtis"), Trailers' president, alleging claims for disability discrimination under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and O.R.S. Chapter 659.
The case is before me on Curtis' motion to dismiss plaintiff's ADA claim (second claim for relief) as to him, pursuant to Fed.R.Civ.P. 12(b)(6). The issue, whether individuals can be held liable under the ADA, appears to be one of first impression in this court. For the reasons stated below, I conclude that Curtis' motion must be granted.

FACTS
Plaintiff, a visually-impaired person, alleges that he was employed by Trailers from September 16, 1992, until his termination on September 30, 1994. Plaintiff further alleges that during his employment and because of his visual impairment, Trailers subjected him to a hostile work environment, failed to reasonably accommodate his visual impairment, and ultimately terminated him. With respect to Curtis, plaintiff alleges that Curtis, acting within the scope and course of his employment for Trailers, "aided and abetted said corporation in discriminating against Plaintiff." Complaint, ¶ 2. Plaintiff seeks an award for compensatory damages, damages for economic loss, and punitive damages against each defendant.

STANDARD
A Rule 12(b)(6) motion to dismiss for failure to state a claim should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Pinhas v. Summit Health, Ltd., 894 F.2d 1024, 1028 (9th Cir.1989) (citation omitted), aff'd 500 U.S. 322, 111 S.Ct. 1842, 114 L.Ed.2d 366 (1991). The court must treat all facts alleged in the complaint as true. Western Concrete Struct. v. Mitsui & Co. Etc., 760 F.2d 1013, 1015 (9th Cir.1985). All doubts are resolved in favor of the plaintiff. Pref. Communications v. City of Los Angeles, Cal., 754 F.2d 1396, 1399 (9th Cir. 1985), aff'd 476 U.S. 488, 106 S.Ct. 2034, 90 L.Ed.2d 480 (1986).

DISCUSSION
Neither the Ninth Circuit nor this court has addressed the issue of individual liability under the ADA.[1] In Miller v. Maxwell's *1039 Intern. Inc., 991 F.2d 583 (9th Cir.1993), the Ninth Circuit did, however, address the similar issue of individual liability under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634. Comparing the provisions of the ADEA and Title VII, the Ninth Circuit held that civil liability under both statutory schemes does not extend to individual employees. The Ninth Circuit reasoned:
The statutory scheme itself indicates that Congress did not intend to impose individual liability on employees. Title VII limits liability to employers with fifteen or more employees, 42 U.S.C. § 2000e(b), and the ADEA limits liability to employers with twenty or more employees, 29 U.S.C. § 630(b), in part because Congress did not want to burden small entities with the costs associated with litigating discrimination claims. If Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees.
Thus, this court's ruling in Padway [v. Palches, 665 F.2d 965 (9th Cir.1982) ] that individual defendants cannot be held liable for damages under Title VII is good law, and, because of the similarities in the Title VII and ADEA statutory schemes, is applicable to suits under the ADEA.
Miller, 991 F.2d at 587-88. The Miller court rejected the view espoused by some courts, for example Hamilton v. Rodgers, 791 F.2d 439, 442-43 (5th Cir.1986), that because the term "employer" in Title VII and the ADEA is defined to include any "agent" of the employer,[2] the agents are themselves employers for purposes of liability. Miller, 991 F.2d at 587. Instead, the court adopted the conclusion of the district court in that case, that "`[t]he obvious purpose of this [agent] provision was to incorporate respondeat superior liability into the statute."' 991 F.2d at 587.
The rationale of Miller applies with equal force to individual liability under the ADA. The ADA definition of "employer" mirrors the definition of "employer" in Title VII, and the ADA incorporates the "powers, remedies, and procedures" of Title VII. See 42 U.S.C. § 12117(a). In a recent Sixth Circuit decision, the similarities in the statutory structures of Title VII, the ADEA, and the ADA convinced the court to hold that "individuals who do not otherwise meet the statutory definition of `employer' cannot be liable under the ADA." U.S. E.E.O.C. v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1282 (6th Cir.1995) (citing, among other cases, Miller, supra).
Based on the Ninth Circuit's reasoning in its analogous decision in Miller, and the Sixth Circuit's reasoning in U.S. E.E.O.C., I am persuaded that the better rule is that individuals who do not otherwise meet the statutory definition of "employer" cannot be liable under the ADA. In this case, plaintiff has alleged only that Curtis is an officer of the defendant corporation, and has not attempted to allege that Curtis himself qualifies as an "employer" under the Act. Accordingly, Curtis' motion to dismiss plaintiffs ADA claim is GRANTED.[3]

CONCLUSION
Defendant Curtis' motion to dismiss (# 7) is GRANTED.
NOTES
[1] By "individual liability," I mean the personal liability of individuals who do not otherwise meet the statutory definition of "employer." See U.S. E.E.O.C. v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1280 n. 2 (6th Cir.1995).
[2] See 42 U.S.C. § 2000e(b) and 29 U.S.C. §§ 630(b) and 203(d).
[3] Curtis has not moved to dismiss plaintiff's first claim against him, for aiding and abetting disability discrimination under O.R.S. Chapter 659. I note, however, that the statutory authority for such a claim is O.R.S. 659.030(g), and the remedy for violation of O.R.S. 659.030(g) is limited to injunctive and equitable relief under O.R.S. 659.121(1). This court has repeatedly dismissed claims brought against co-employees pursuant to O.R.S. 659.030(g), where the remedy sought is equitable relief and not injunctive relief. See, e.g. Price v. Taco Bell, 896 F.Supp. 1022 (D.Or.1995).