**Sandra Dee LUND, Plaintiff,**

v.

**J.C. PENNEY OUTLET and Don Wadsworth, Defendants.**

No. CV–N–94–657–ECR.

United States District Court,
D. Nevada.

Jan. 4, 1996.

Sandra Lee Lund, Sparks, NV, for plaintiff.

Par Lundvall of McDonald, Carano, Wilson, McCune, Bergin, Frankovich & Hicks, Reno, NV, for defendants.

### ORDER

EDWARD C. REED, Jr., District Judge.

This is an action by Plaintiff Lund against her former employer, J.C. Penney, and her former supervisor at J.C. Penney, Don Wadsworth, for employment discrimination in violation of the Americans with Disabilities Act (ADA) and of Nevada public policy. Both defendants have moved for summary judgment on all of Plaintiff's claims. Defendant J.C. Penney's Motion for Summary Judgment, Doc. # 16; Defendant Wadsworth's Motion for Summary Judgment, Doc. # 17.

■ The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975). The moving party is entitled to summary judgment as a matter of law where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact in dispute. Fed. R.Civ.P. 56(c); *Semegen v. Weidner*, 780 F.2d 727 (9th Cir.1985). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141 (9th Cir.1983).

■ The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ In evaluating the appropriateness of summary judgment, three steps are neces-

sary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson, supra.* As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes which are irrelevant or unnecessary will not be considered. *Id.* at 248, 106 S.Ct. at 2510. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex, supra.*

■ Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id.* When faced with a motion for summary judgment, the material before the court "must be viewed in the light most favorable to the [non-moving] party." *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

Defendant J.C. Penney seeks summary judgment on Plaintiff's claim under the ADA. J.C. Penney maintains that Plaintiff has failed to make the requisite threshold showing that she is an "individual with a disability" within the meaning of the ADA and its implementing regulations. 42 U.S.C. § 12112(a); 29 C.F.R. § 1630 et seq. If Plaintiff is not an "individual with a disability," she is not entitled to relief under the ADA.

■ A person is an "individual with a disability" under the ADA if she suffers from a "physical or mental impairment that substantially limits one or more of [her] major life activities." 29 C.F.R. § 1630.2(g). "Major life activities" include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing and learning. 29 C.F.R. § 1630.2(i). In order to make out a prima facie case under the ADA, a plaintiff must show (1) some impairment (2) which substantially limits (3) her ability to engage in one of the above-described activities.

■ Defendant J.C. Penney submits that Plaintiff cannot make such a showing. Penney offers Plaintiff's deposition testimony as proof that Plaintiff was not disabled while in Penney's employ. At her deposition, defense counsel asked Plaintiff, "In October 1992 [the date Plaintiff was fired by J.C. Penney], were you able to breathe?" Plaintiff admitted that she was. Defense counsel repeated the same question with respect to Plaintiff's ability in October 1992 to speak, care for herself, perform manual tasks, see, hear, and learn. Plaintiff answered "yes" to all these questions, adding in response to the question about manual tasks the qualification "within my limitations." Excerpt of Lund Deposition, appended as Ex. 10 to J.C. Penney's Motion for Summary Judgment, Doc. # 16.

Defendant J.C. Penney argues repeatedly that these answers prove that Plaintiff "was not substantially limited" in any of the described activities. J.C. Penney's Motion for Summary Judgment, Doc. # 16, at 4. The court is not convinced that these answers comprise any such proof. It is far from clear that answering "yes" to the question "can you breathe?" should foreclose the possibility that the subject can breathe, but with substantial limitations. Moreover, Plaintiff specifically qualified her answer to the question "were you able to perform manual tasks?" Her answer was "Yes, within my limitations," which suggests that she was, in fact, suffering in October 1992 from some impairment which limited her ability to perform manual tasks.

More telling still is the evidence adduced by Plaintiff as exhibits to her brief in opposition to the motion for summary judgment. A formal impairment evaluation of Ms. Lund's health conducted in 1994 revealed a history of spinal impairment going back more than ten years. As early as 1986 Ms. Lund was diagnosed with a 9% "whole person impairment" as a result of decreased spinal range of motion. Ex. C to Plaintiff's Opposition to Motion for Summary Judgment, Doc. # 19.

There is, therefore, evidence that in October 1992 Plaintiff was an "individual with a disability" within the meaning of the ADA. There is evidence that she was impaired, and there is evidence that that impairment signif-

icantly limited her ability to perform manual tasks. Summary judgment is therefore inappropriate at this stage of the present litigation.

■ Defendant J.C. Penney has also moved for judgment on Plaintiff's pendent state law claim that her discharge from employment was a violation of Nevada public policy. Defendant cites several cases from the Supreme Court of Nevada as support for the proposition that employment discrimination based on disability is not a tort under Nevada law. J.C. Penney's Motion for Summary Judgment, Doc. # 16, at 12–13 (citing *D'Angelo v. Gardner*, 107 Nev. 704, 819 P.2d 206, 215–16 (1991); *Sands Regent v. Valgardson*, 105 Nev. 436, 777 P.2d 898, 899 (1989)). The court agrees. In *Valgardson*, the Nevada Supreme court held explicitly that Nevada's public policy against age discrimination in employment was insufficiently strong to warrant the creation of a new tort cause of action. And in *D'Angelo* the court ruled that where a plaintiff has a statutory remedy, it would not create a new state tort remedy.

Because the rationale behind Nevada's public policy against employment discrimination on the basis of age must be nearly identical to the rationale supporting any similar state policy against employment discrimination on the basis of disability, and because Plaintiff has a federal statutory remedy, it is almost impossible to believe that the Nevada Supreme Court would permit Plaintiff to pursue her public policy discharge claim under state law. Summary judgment is therefore appropriate on that claim.[1]

■ Finally, Defendant J.C. Penney moves for summary judgment on Plaintiff's "Fourth Cause of Action (Punitive Damages)." *See* First Amended Complaint, Doc. # 12, at 7–8. Defendant points out, correctly, that punitive damages are a remedy, not a cause of action. Somewhat unusually, Plaintiff has agreed. Plaintiff's Opposition to Summary Judgment, Doc. # 19, at 13. De-

fendant J.C. Penney is therefore entitled to judgment on the punitive damages "cause of action."

■ Defendant Don Wadsworth has also moved for summary judgment. Doc. # 17. He argues that as a supervisor, he cannot personally be held liable for employment discrimination under the ADA.

The U.S. Court of Appeals for the Seventh Circuit recently agreed. *E.E.O.C. v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir.1995). Other federal appellate courts have reached the same conclusion with respect to the Age Discrimination in Employment Act (ADEA) and Title VII of the 1964 Civil Rights Act. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313–17 (2d Cir.1995) (Title VII); *Cross v. Alabama*, 49 F.3d 1490, 1504 (11th Cir.1995); *Smith v. Lomax*, 45 F.3d 402, 403–04 & n. 4 (11th Cir.1995) (finding no individual supervisory liability under neither Title VII nor the ADEA); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir.) (ADEA), *cert. denied,* — U.S. —, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994); *Grant v. Lone Star Co.*, 21 F.3d 649, 651–53 (5th Cir.) (Title VII), *cert. denied,* — U.S. —, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1124–25 (10th Cir.1993); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994).

Because the definitions of "employer" in the ADA, the ADEA, and Title VII do not differ significantly, *see Miller, ibid.*, there is no reason to believe the Ninth Circuit would find individual liability under the ADA when it has declined to do so under the other two statutes. *Miller v. Maxwell's Int'l*, 991 F.2d at 587. Therefore Defendant Wadsworth is entitled to judgment on Plaintiff's ADA claim against him.

Defendant Wadsworth has also moved for summary judgment on Plaintiff's "public policy discharge" and "punitive damages" claims.

---

1. Plaintiff suggests in her opposition to summary judgment that this court should certify to the Nevada Supreme Court the question whether Nevada's policy against employment discrimination on the basis of disability is strong enough to merit a separate state tort cause of action. Doc. # 19, at 11. Because it appears that the *D'Angelo* and *Valgardson* cases resolve that issue in Defendant's favor, certification of the question to the state supreme court is unnecessary.

For the same reasons outlined above, *see supra* pp. ——–——, in reference to similar claims brought by Plaintiff Lund against Defendant J.C. Penney, Wadsworth is entitled to judgment on those causes of action.

For the foregoing reasons, *IT IS THERE-FORE ORDERED* that Defendant J.C. Penney's Motion for Summary Judgment (Doc. # 16) is hereby *DENIED* as to Plaintiff Lund's ADA claim, and *GRANTED* as to her public policy discharge and punitive damages claims.

*IT IS FURTHER ORDERED* that Defendant Wadsworth's Motion for Summary Judgment (Doc. # 17) is hereby *GRANTED* in its entirety.