### Teena STERN, Plaintiff,

v.

### CALIFORNIA STATE ARCHIVES, et al., Defendants.

### No.  Civ.S–96–2100WBS/DAD.

United States District Court, E.D. California.

Nov. 19, 1997.

---

tlement pursuant to the California Workers' Compensation Act. (*Id.* ¶¶ 14, 15.)

She is now suing her employer and four individual supervisors for alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the California Fair Employment and Housing Act, Cal. Govt. Code § 12940, California Constitution, Art. I § 1. She also asserts several state common law claims including slander per se, libel per se, negligent and intentional misrepresentation, demotion in violation of public policy, breach of contract, negligent supervision, and negligent and intentional infliction of emotional distress. The individual defendants are Gail Rauscher, Human Resources Director for the OSS, Andre Watkins, Human Resources Analyst for the OSS, Robert Lapsley, Deputy Secretary of State, and Jerry Hill, Assistant Deputy Secretary of State and Deputy Chief of the California Archives.

Sandra Rae Benson, Van Bourg Weinberg Roger and Rosenfeld, Oakland, CA, for Teena Stern.

Patricia Lee Connors, Law Offices of Patricia Lee Connors, Sacramento, CA, for California Secretary of State, Gail Rauscher, Andre Watkins, Robert Lapsley, Jerry Hill.

David L. Perrault, Hardy Erich Brown and Wilson, Sacramento, CA, for John Burns.

## MEMORANDUM AND ORDER

SHUBB, Chief Judge.

Defendants Gail Rauscher, Andre Watkins, Robert Lapsley, and Jerry Hill move for summary judgment on plaintiff's claims under the Americans with Disabilities Act ("ADA"). Fed.R.Civ.P. 56; 42 U.S.C. §§ 12203, 12112.

## BACKGROUND

Plaintiff works as an archivist for the California State Archives, a division of the Office of the Secretary of State ("OSS"). In August, 1991, she allegedly fell down a flight of stairs while on the job and suffered a back injury. (First Amended Complaint ¶ 14.) The accident allegedly resulted in a permanent disability for which she obtained a set-

## STANDARD OF REVIEW

Summary judgment is appropriate if the record, read in the light most favorable to the non-moving party, demonstrates no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Material facts are those necessary to the proof or defense of a claim, and are determined by reference to the substantive law. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). At the summary judgment stage the question before the court is whether there are genuine issues for trial. *Id.* Plaintiffs must produce sufficient evidence to prove the existence of each and every element that is essential to their case and on which they will bear the burden of proof at trial. *River City Mkts. v. Fleming Foods West, Inc.,* 960 F.2d 1458, 1462 (9th Cir.1992).

## ANALYSIS

### A. 42 U.S.C. § 12112(a)

Plaintiff's ADA claims [1] for discrimination, failure to accommodate, demotion, construc-

---

1. Plaintiff indicates that she intends to abandon her fourth cause of action for ADA discrimina-

tion due to mental disability. Accordingly, sum-

tive discharge and harassment, raise the issue of whether the individual defendants may be liable under that provision.[2] Section 12112(a) prohibits discrimination by any "covered entity." The ADA defines "covered entity" as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). An "employer" is defined as "a person engaged in an industry affecting commerce who has 15 or more employees ... and any agent of such person...." 42 U.S.C. § 12111(5)(A). This definition parallels the definitions of "employer" used in Title VII of the Civil Rights Act of 1964 and in the Age Discrimination in Employment Act of 1967. *See Williams v. Banning*, 72 F.3d 552, 553–54 (7th Cir.1995). Accordingly, courts routinely apply the same standards of individual liability to all three of these statutes. *See, e.g., Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir.1993) (comparing ADEA and Title VII); *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279 (7th Cir. 1995) (comparing the ADA, ADEA, and Title VII).

■ The Ninth Circuit has not determined whether individuals may be liable under ADA section 12112(a), but it has unequivocally held that supervisors and other employees are not personally liable under Title VII. *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir.1995), *citing Miller*, 991 F.2d at 587–88. Because the ADA definition of employer mirrors the Title VII definition, the court holds that individuals who do not qualify as "employers" are not subject to personal liability under section 12112(a).[3]

Anticipating this conclusion, plaintiff argues that the individual defendants are "employers" because they exercise supervisory control over employees, and discipline, hire, and fire them.[4] However, this argument does not get around *Miller*. There is no individual liability even where the supervisor is the employer's "agent," because the purpose of the "and any agent" language in the "employer" definition was to incorporate *respondeat superior* liability into the statute. *Miller*, 991 F.2d. at 587. Even assuming that the individual defendants exercised complete control over plaintiff's employment, that would still only make them agents of their employer.

The First Amended Complaint alleges that plaintiff is employed by the Archives, a division of the OSS. The Archives is the entity with which she has an employment relationship. Under *Miller*, supervisors are mere agents of the employer, and their actions can only give rise to *respondeat superior* liability. Summary judgment in the individual defendants' favor on plaintiff's claims under 42 U.S.C. § 12112(a) will therefore be granted.

**B. 42 U.S.C. § 12203(a)**

■ A careful reading of the relevant provisions in light of the ADA's overall structure makes it clear that plaintiff cannot maintain an ADA retaliation claim against individual defendants who do not otherwise satisfy the definition of an employer.

In an effort to eliminate disability discrimination in all facets of society, the ADA extends remedies provided in existing civil rights statutes to persons with disabilities.

---

mary judgment will be granted for defendants on that claim.

2. Section 12111(a) sets forth the "general rule" prohibiting discrimination:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such an individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment.

3. The following district courts in the Ninth Circuit have held that individual employees are not

subject to suit under section 12112(a): *Ostrach v. Regents of the University of California*, 957 F.Supp. 196, 200 (E.D.Cal.1997); *Lund v. J.C. Penney Outlet*, 911 F.Supp. 442, 445 (D.Nev. 1996); *Hardwick v. Curtis Trailers Inc.*, 896 F.Supp. 1037, 1038–1039 (D.Or.1995); *Gallo v. Board of Regents of University of California*, 916 F.Supp. 1005 (S.D.Cal.1995).

4. *See Jason v. Baptist Hosp.*, 872 F.Supp. 1575 (E.D.Tex.1994) (to determine whether a defendant is an "employer" the court should consider the amount of control the defendant has over the employee, ownership of the business, form of payment and existence of an employment relationship).

*See* 42 U.S.C. § 12101–12213. Specifically, the ADA prohibits disability discrimination in three areas: employment, public services, and public accommodations. Subchapter I, which prohibits employment discrimination, covers the same employers and provides the same remedies contained in Title VII. 42 U.S.C. § 12117(a). Subchapter II bans discrimination by any state or local government entity and affords the remedies outlined in Section 504 of the Rehabilitation Act of 1973. 42 U.S.C. § 12133. Subchapter III bans discrimination by public accommodations and incorporates the remedies of Title II of the Civil Rights Act of 1964. 42 U.S.C. § 12188. The final section, subchapter IV, sets forth "miscellaneous provisions." Several of the "miscellaneous provisions" are ones that generally apply to each of the preceding subchapters. *See, e.g.,* 42 U.S.C. § 12202 (discussing Eleventh Amendment immunity); 42 U.S.C. § 12205 (providing attorney fees); 42 U.S.C. § 12203 (prohibiting retaliation).

The anti-retaliation provision of the ADA appears in the "miscellaneous" subchapter. Section 12203 provides, in relevant part:

> **(a) Retaliation.** No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> .   .   .   .   .
>
> **(c) Remedies and procedures.** The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b) of this section, with respect to subchapter I, subchapter II and subchapter III of this chapter, respectively.

42 U.S.C. § 12203.

Subsection 12203(a) broadly prohibits retaliation by a "person." Subsection 12203(c) outlines the remedies available to an aggrieved person complaining of retaliation by referring that individual to the remedial sections of the appropriate subchapter. An aggrieved party who complains that a "person" retaliated against him or her in the context of employment is referred to Section 12117. An aggrieved party who complains that a "person" retaliated against him or her in the context of public services is referred to Section 12133. An aggrieved party who complains that a "person" retaliated against him or her in the context of public accommodation is referred to Section 12188. Therefore, *which remedies* a plaintiff is afforded depends on whether the alleged retaliation occurred with respect to employment, public services, or public accommodations.

Here the plaintiff complains about retaliation in employment. The ADA refers such claims to Section 12117, which, in turn, refers such claims to the remedial provisions of Title VII.[5] The enforcement provision of Title VII permits actions against an "employer, employment agency, labor organization, or joint labor–management committee . . . ." 42 U.S.C. § 2000e–5(b). Title VII and the ADA define "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . ." 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5)(A). Interpreting this definition, this Circuit has unequivocally held that Title VII does not provide a remedy against individual defendants. *Greenlaw v. Garrett,* 59 F.3d 994, 1001 (9th Cir.1995), citing *Miller v. Maxwell's Int'l,* 991 F.2d 583, 586 (9th Cir.1993). Thus, an individual cannot be held liable for retaliation in the workplace under the ADA except as provided under Title VII.

Another judge of this court, faced with this same issue, reached a contrary conclusion:

> Unlike [the employment discrimination section] which refers to liability of an "employer," the retaliation provision directs that "no person shall discriminate against any individual . . ." and "[s]ince the plain meaning of 'person' includes individuals,

---

5. Section 12117(a) provides:

The powers, remedies, and procedures set forth in sections 2000e–4, 2000e–5, 2000e–6, 2000e–8 and 2000e–9 of this title shall be the powers, remedies, and procedures . . . [provided] to any person alleging discrimination on the basis of disability . . . concerning employment.

42 U.S.C. § 12117(a)

and since I must presume that a legislature says in a statute what it means and means what it says there", it follows that plaintiff may sue the individual defendants under the anti-retaliation provision of ADA.

*Ostrach v. Regents of the University of California*, 957 F.Supp. 196, 200 (E.D.Cal.1997) (citations omitted). This analysis emphasizes Congress' use of the word "person" as evidence that Congress intended individuals to be liable. However, the issue of what Congress intended the word "person" to mean asks the wrong question. In this context, the question should be, what remedies did Congress provide an aggrieved person for workplace retaliation. When Congress has explicitly provided remedies, there is no need to imply remedies. *See, Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992). The significance *Ostrach* places on the use of the word "person" overlooks the structure of the ADA. There is no need to imply remedies here because Congress expressly provides Title VII remedies for workplace retaliation claims. Accordingly, I must disagree with the *Ostrach* analysis. Considering the ADA's overall framework, it makes sense that the retaliation provision broadly prohibits retaliation by a "person", but prescribes the available remedies according to the type of retaliation alleged.

In conclusion, individuals who do not qualify as "employers" under Title VII cannot be held liable for workplace retaliation in violation of the ADA.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment on plaintiff's claim for discrimination due to mental disability under the ADA, and her claims against the individual defendants under 42 U.S.C. §§ 12112(a) and 12203 be, and the same hereby is, GRANTED.