**Lori KAGAN, Plaintiff,**

v.

**State of NEVADA, et al., Defendants.**

**No. CV–S–97–1411–RLH.**

United States District Court,
D. Nevada.

Feb. 22, 1999.

Nancy E. Killeen, Las Vegas, NV, for plaintiff.

Bridget A. Branigan, Deputy Attorney General, Las Vegas, NV, for defendants.

## ORDER

HUNT, United States Magistrate Judge.

Before the Court is **Plaintiff's Motion to Amend Complaint** (# 23), filed November 2, 1998. Defendants' Opposition to Plaintiff's Motion to Amend Complaint (# 24) was filed November 17, 1998. No reply was filed.

The Motion to Amend merely cited Fed. R.Civ.P. 15(a) as authority and attached a Proposed Amended Complaint, which includes a lengthy recitation of alleged facts (in apparent compliance with this Court's previous order for a more definite statement) and asserts three causes of action. It names as defendants, "State of Nevada, State of Nevada Dept. of Human Resources Div. of Mental Health and Mental Retardation Southern Nevada Adult Mental Health Services, James Northrop, individually, Norma Davis, individually, Shirley Pongrass, individually, and Thelma Mikkelsen, individually."

Defendants note that Plaintiff has incorrectly named the State of Nevada and its entities and objects to the second cause of action, which is based upon Section 1983 claims and forms the basis for the claims against the individual defendants.

The Court agrees with the objections to the Proposed Amended Complaint, but will permit it to be filed after proper modification.

## DISCUSSION

Plaintiff appears to name the State of Nevada twice. She also fails to designate the State properly in either case. The proper method of designation of the State is described in NRS 41.031. Plaintiff is ordered to make the necessary changes in the proposed complaint to reflect the appropriate designation of the State and its agency which is her employer.

Plaintiff's Second Claim for Relief, which asserts a Section 1983 claim, is insufficient as a matter of law. Likewise, the individual defendants named in that Claim are improperly named as defendants.

The Court will not permit the filing of an amended complaint which contains a futile claim. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186–87 (9th Cir.1987).

The Supreme Court has held that when Congress enacts statutes which provide a comprehensive enforcement mechanism, a separate claim based upon 42 U.S.C. § 1983 is not permitted. *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n,* 453 U.S. 1, 20–21, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981). The Ninth Circuit has held similarly. *Department of Education v. Katherine D.,* 727 F.2d 809, 820 (9th Cir.1983) *cert. denied* 471 U.S. 1117, 105 S.Ct. 2360, 86 L.Ed.2d 260 (1985). The Americans with Disabilities Act provides such a comprehensive enforcement mechanism.

The Ninth Circuit has also held that inconsistencies between other statutory remedies and § 1983 remedies are also a "strong indication" that § 1983 remedies are not available. *Almond Hill School v. United States Dept. of Agriculture,* 768 F.2d 1030, 1035–36 (9th. Cir.1985). In this case the Americans with Disabilities Act (42 U.S.C. § 12181, et seq.) (hereafter "ADA"), and its Nevada statutory equivalent, NRS 613.310, does not provide for individual liability while § 1983 does allow for such *Lund v. J.C. Penney Outlet,* 911 F.Supp. 442, 445 (D.Nev.

1996). Furthermore, there is a limitation on damages under the ADA that does not apply to § 1983 claims. These inconsistencies require that Plaintiff seek her remedies under the ADA, and the Nevada version of ADA, and preclude the quest for additional remedies under § 1983.

For the foregoing reasons, Plaintiff does not have a cause of action against the individuals named in the proposed amended complaint.

Accordingly, for the reasons stated, it is hereby

**ORDERED** that Plaintiff's Motion to Amend Complaint (# 23) is granted upon compliance with the above discussion and as directed below.

**IT IS FURTHER ORDERED** that, upon modification of the proposed amended complaint by naming and designating the State of Nevada and its relevant department in the manner prescribed in NRS 41.031, the striking of the presently proposed Second Claim for Relief, together with the proposed defendants named individually, and making the appropriate modification of the prayer of the complaint, Plaintiff may filed her amended complaint no later than thirty (30) days from the date of this Order. Defendant(s) will answer thereafter as required by rule.