**Davis v. UPS et al.**          CV-02-585-B          05/16/03

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Robert Davis</u>

    v.                                        Civil No. 02-585-B
                                          Opinion No. 2003 DNH 081
<u>United Postal Service, Inc.</u>
<u>and Stephen Griffin</u>


<u>**MEMORANDUM AND ORDER**</u>


Robert Davis brings this action against United Postal Service, Inc. ("UPS") and Stephen Griffin alleging that: (1) UPS discriminated against Davis based on his disabilities in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) (1995 & Supp. 2002) (Count I); (2) UPS failed to reasonably accommodate his disabilities in violation of ADA § 12112(b)(5)(A) (Count II); (3) UPS and Griffin retaliated against him for exercising rights secured to him under the ADA, in violation of ADA §§ 12203(a),(b) (Count III); and (4) UPS and Griffin are liable under New Hampshire law for intentional infliction of emotional distress (Count IV).

Griffin moves to dismiss all claims against him. (Doc. No. 7). He argues both that the ADA does not permit Davis to bring

suit against him in his individual capacity and that Davis fails to aver facts sufficient to sustain his intentional infliction of emotional distress claim.

## I.  BACKGROUND

Giving full credit to the facts as alleged in Davis' complaint, (Doc. No. 1), and drawing all reasonable inferences therefrom in the light most favorable to him, the pertinent facts are as follows.

Davis began working for UPS in 1975 as a package driver at its Keene, New Hampshire shipping distribution center ("Keene facility"). Davis has psychological and physical impairments that substantially limit several major life activities.  Between 1988 and 1998, Davis filed multiple workers' compensation claims based on physical and psychiatric injuries he sustained while employed by UPS.  UPS was aware of Davis' impairments, discriminated against him on this basis and failed to reasonably accommodate his disabilities.

As a result of UPS' discrimination, Davis filed charges with the New Hampshire Commission for Human Rights ("NHCHR") and the Equal Employment Opportunity Commission ("EEOC").  After Davis

filed these charges, defendant Griffin, an employee and business manager at the Keene facility, verbally abused Davis and subjected him to harsh and unreasonable criticism. Griffin scrutinized Davis' work disproportionately to that of other UPS drivers and required Davis to perform "excessive" job duties. He also failed to ensure that Davis' truck was properly loaded. In addition, Griffin interfered with Davis' access to medical care. UPS sent Davis termination letters in December 2000 and January 2001.

## II.   <u>STANDARD OF REVIEW</u>

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." <u>Martin v. Applied Cellular Technology, Inc.</u>, 284 F.3d 1, 6 (1st Cir. 2002). Dismissal is appropriate only if "it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." <u>Langadinos v. American Airlines, Inc.</u>, 199 F.3d 68, 69 (1st Cir.

2000) (quotation omitted).  Despite the liberal pleading requirements established by the federal rules, I need not accept subjective characterizations, bald assertions, or unsubstantiated conclusions.  See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52-53 (1st Cir. 1990); Dewey v. Univ. of N.H., 694 F.2d 1, 3 (1st Cir. 1982).  The issue is not "what the plaintiff is required ultimately to prove in order to prevail on her claim, but rather what she is required to plead in order to be permitted to develop her case for eventual adjudication on the merits." Gorski v. New Hampshire Dep't of Corrs., 290 F.3d 466, 472 (1st Cir. 2002) (emphasis in original).  It is with this standard in mind that I evaluate Davis' claims.

## III.  ANALYSIS

### A.  ADA Claims[1]

In Count III of his complaint, Davis alleges that UPS and

---

[1] Count I of Davis' complaint alleges that UPS discriminated against Davis based on his disabilities and Count II alleges that UPS failed to accommodate Davis' disabilities in violation of the ADA.  Compl. ¶¶ 19, 20.  As a close reading of Davis' complaint demonstrates, Count I and II are asserted only against UPS and not Griffin.  As such, I decline to analyze Griffin's argument that these Counts should be dismissed as to him.

Griffin violated the ADA by retaliating against and intimidating him for exercising rights secured to him by the ADA. Griffin moves to dismiss Count III arguing that the Davis' retaliation and intimidation claims cannot be maintained against him in his individual capacity. See Baird v. Rose, 192 F.3d 462, 471-72 (4th Cir. 1999); Hiler v. Brown, 177 F.3d 542 (6th Cir. 1999)(Rehabilitation Act); Van Hulle v. Pacific Telesis Corp., 124 F.Supp.2d 642 (N.D. Cal. 2000); Kautio v. Zurich Ins. Co., 1998 WL 164623 (D.Kan. 1998); Stern v. California State Archives, 982 F.Supp. 690 (E.D.Cal. 1997). Davis argues, citing Ostrach v. Regents of California, 957 F.Supp. 196 (E.D. Cal. 1997), that although his ADA wrongful discrimination and failure to accommodate claims cannot be maintained against an individual, the ADA's retaliation and intimidation sections permit suit against supervisors in their individual capacity.

The retaliation provision provides, in pertinent part, as follows:

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge . . . under this chapter.

§ 12203(a). Section 12203(b) makes it unlawful to "intimidate .

. . any individual in the exercise or enjoyment of...any rights granted or protected by this chapter."  Section 12203(c) explicitly adopts the same remedies for violations of the retaliation and intimidation provisions as are available under § 12117 for violations of the ADA's prohibition against discrimination and failure to accommodate.

In Ostrach, the plaintiff sued his employer and supervisor alleging that both defendants retaliated against him in violation of the ADA.  Ostrach, 957 F.Supp. at 197.  The court found that "[u]nlike § 12112 which refers to the liability of an 'employer,' the retaliation provision directs that 'no person shall discriminate against any individual'"  Id. at 200 (citing 42 U.S.C. § 12203).  Therefore, the court held, plaintiffs may sue defendants in their individual capacities under the anti-retaliation provision of the ADA.  Id.

Davis relies exclusively on Ostrach.  "Virtually all other courts [,however,] have disagreed with Ostrach, holding that the retaliation provision does not create individual liability in the employment context."  Van Tulle, 124 F.Supp.2d at 645; see, e.g., Baird, 192 F.3d 462; Hiler, 177 F.3d 542; Kautio, 1998 WL 164623; Stern, 982 F.Supp. 690.  The provision's remedial section refers

-6-

those complaining of retaliation in the employment context to §
12117.  See id.  As such, the majority of the courts have held
that since a supervisor cannot be sued individually under §
12117, the retaliation provision also does not permit suits
against individuals.  See id.  I find this analysis persuasive
and applicable to Davis' retaliation claim against Griffin.

In applying this analysis to Davis' case, his retaliation
and intimidation claims against Griffin are doomed.  Davis'
claims arise from his employment with UPS.  Griffin is a
supervisor at UPS and he therefore may not be held liable under
the retaliation and intimidation provisions.  See Baird, 192 F.3d
at 472; Van Hulle, 124 F.Supp.2d at 646.  I therefore dismiss
Davis' retaliation and intimidation claims against Griffin.

## B.  Intentional Infliction of Emotional Distress

Griffin also moves to dismiss Count IV, Davis' common law
intentional infliction of emotional distress claim.  Griffin
argues that Davis fails to state a cognizable claim because his
complaint does not allege "outrageous" or "intolerable" conduct.

Outrageous conduct is an essential element of an intentional
infliction of emotional distress claim.  See Morancy v. Morancy,
134 N.H. 493, 496 (1991) (Restatement (Second) of Torts § 46).

The New Hampshire Supreme Court, like most jurisdictions, embraces comment d of the Restatement of Torts § 46 in defining "outrageous conduct." Id. Comment d provides:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Davis alleges that he has psychological impairments and that Griffin regarded him as disabled. Davis further alleges that in retaliation for his complaints to the EEOC and NHCHR, Griffin verbally abused him, interfered with his access to medical care and subjected him to harsh and unreasonable criticisms. Compl. ¶15. While discrimination on the basis of disability, verbal harassment and retaliation are not, without more, sufficient to support an intentional infliction of emotional distress claim, Davis' assertion that Griffin interfered with his access to medical care could, if true, support his claim under certain circumstances. Accordingly, I deny Griffin's motion to dismiss Davis's intentional infliction of emotional distress claim.

Griffin alternatively requests that I decline to exercise supplemental jurisdiction over Davis' state law claim because Davis' federal claims against Griffin fail. Davis requests that I exercise my discretion in favor of jurisdiction under 28 U.S.C. § 1367(a) (1993 & Supp. 2002). Under § 1367(a):

> district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy...Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Because Davis' claims against UPS and Griffin arise from the same factual allegations, I deny Griffin's request and retain jurisdiction over Davis' claim against Griffin.

## IV. <u>CONCLUSION</u>

For the forgoing reasons, I grant Griffin's motion to dismiss (Doc. No. 7) as to Count III of Davis' complaint and deny the motion as to Count IV.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

May 16, 2003

-9-

cc: William J. Knorr, Esq.
    H. Jonathan Meyer, Esq.
    Hugh F. Murray, III, Esq.
    William D. Pandolph, Esq.